Opinion filed October 6, 2016



In The

# Eleventh Court of Appeals

_____

## No. 11-16-00238-CR
_____

## DAVID BRYAN WINTERS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 259th District Court**
**Jones County, Texas**
**Trial Court Cause No. 011032**

## M E M O R A N D U M   O P I N I O N

Appellant pleaded not guilty to the offense of continuous sexual abuse of a young child. The jury found Appellant guilty of the offense, and the trial court assessed his punishment at confinement for a term of thirty years in accordance with the terms of an agreement as to punishment. We dismiss the appeal.

This court notified Appellant that we had received information from the trial court that Appellant waived his right of appeal in this cause. We requested that Appellant respond and show grounds to continue the appeal. Appellant has filed a

response in which he states that he "did not voluntarily, knowingly and intelligently waive his rights to appeal his conviction in this cause due to the ineffective assistance by his trial counsel. Appellant asserts that his trial counsel failed to explain the terms of the sentencing agreement.

The documents on file in this court reflect that Appellant entered into a sentencing agreement in which he waived various rights, including his right to appeal. The agreement provides as follows:

> Defendant agrees to waive any right to a motion for new trial and appeal . . . .

> Having been informed of whatever right to pursue a motion for new trial and appeal may exist, and having agreed to waive those rights, and after having consulted with my attorney, I hereby voluntarily, knowingly and intelligently waive those rights in exchange for this sentencing agreement.

> I, the Defendant, do swear or affirm that I voluntarily, knowingly, and intelligently make the foregoing waivers . . . .

The sentencing agreement was signed by Appellant, his attorney, and the trial judge.

The trial judge specifically found that Appellant voluntarily, knowingly, and intelligently entered into the agreement and that Appellant understood the consequences of waiving his right to a motion for new trial and appeal. The documents on file in this cause therefore show that Appellant waived his right of appeal. Texas has "long held that a valid waiver of appeal prevents a defendant from appealing without the trial court's consent." *Monreal v. State*, 99 S.W.3d 615, 617 (Tex. Crim. App. 2003). A waiver of the right to appeal is valid if it was made voluntarily, knowingly, and intelligently. *Id.* We note also that the trial court has not given Appellant permission to appeal. Accordingly, we dismiss this appeal without further action. *See id.* at 622–23; *see also* TEX. R. APP. P. 25.2(d).

This appeal is dismissed.

PER CURIAM

October 6, 2016

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.